# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Augustine Villanueva Gutierrez,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-16-00032-PHX-ROS (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Augustine Villanueva Gutierrez's ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1). Respondents have answered (Doc. 12), and Petitioner has replied (Doc. 16). The matter is deemed ripe for consideration.

The Petition (Doc. 1) presents four grounds for habeas relief. The undersigned finds that Ground One is without merit. The undersigned further finds that Grounds Two, Three, and Four are procedurally defaulted and that the defaults should not be excused. It is therefore recommended that the Petition (Doc. 1) be denied and dismissed with prejudice.

# I. BACKGROUND

## A. Convictions and Sentences

On July 15, 2010, a Maricopa County Grand Jury indicted Petitioner on two counts: (i) aggravated assault, a class 2 dangerous felony and (ii) endangerment, a class 6 dangerous felony. (Bates No. 1-2).[1] The charges are based on a February 2010 vehicle collision caused by Petitioner, which resulted in an injury to a thirteen-year old child. (Bates No. 88). In a January 17, 2012 plea agreement, Petitioner agreed to plead guilty to the aggravated assault count and agreed to serve a stipulated sixteen-year prison term. (Bates No. 4-6). The State agreed to dismiss the endangerment count. (Bates No. 4). At a change of plea hearing, the trial court accepted Petitioner's guilty plea. (Bates No. 11-12).

On January 17, 2012, the trial court sentenced Petitioner to a sixteen-year prison term on the aggravated assault count and granted the State's Motion to Dismiss the endangerment count. (Bates No. 7-9).

## B. Of-Right Post-Conviction Relief Proceeding

Petitioner filed a Notice of Post-Conviction Relief ("PCR") on July 19, 2012.[2] (Bates No. 13-16). The PCR Notice is dated February 21, 2012. (Bates No. 15). In an August 2012 minute entry, the trial court found that Petitioner demonstrated that "it is possible that his untimely filing [of the PCR Notice] was not his fault" and allowed the PCR proceeding to move forward pursuant to Ariz. R. Crim. P. 32.1(f). (Bates No. 18).

On May 30, 2013, Petitioner's court-appointed PCR counsel notified the trial court that counsel was unable to find any colorable claims for relief. (Bates No. 19-20). Petitioner filed a pro se PCR Petition on July 18, 2013. (Bates No. 21-37). On October

---

[1] Citations to the state court record submitted with Respondents' Answer (Doc. 12) refer to the Bates-stamp numbers affixed to the lower right corner of each page of the record.

[2] The copy of the PCR Notice submitted by the State is not file-stamped. The trial court's minute entry filed on August 24, 2012 states that the PCR Notice was "filed on July 19, 2011." (Bates No. 17). It is presumed that the reference to the year 2011 instead of the year 2012 is merely a typographical error. The undersigned has taken judicial notice of the trial court's docket, which indicates that Plaintiff filed a document on July 19, 2012. (Attachment 1).

15, 2013, the trial court dismissed the PCR Petition. (Bates No. 56-58).

Petitioner requested that the Arizona Court of Appeals review the trial court's decision. (Bates No. 59-65). On September 9, 2015, the Arizona Court of Appeals granted review, but denied relief. (Bates No. 75-77). Petitioner did not seek further review by the Arizona Supreme Court.

On January 7, 2016, Petitioner initiated this federal habeas proceeding. (Doc. 1).

## II. LEGAL STANDARDS

### A. Exhaustion-of-State-Remedies Doctrine

It is well-settled that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). The rationale for the doctrine relates to the policy of federal-state comity. *Picard*, 404 U.S. at 275 (1971). The comity policy is designed to give a state the initial opportunity to review and correct alleged federal rights violations of its state prisoners. *Id*. In the U.S. Supreme Court's words, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950).

The exhaustion doctrine is codified at 28 U.S.C. § 2254. That statute provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Case law has clarified that in order to "exhaust" state court remedies, a petitioner's federal claims must have been "fully and fairly presented" in state court. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To "fully and fairly present" a

federal claim, a petitioner must present both (i) the operative facts and (ii) the federal legal theory on which his or her claim is based. This test turns on whether a petitioner "explicitly alerted" a state court that he or she was making a federal constitutional claim. *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1204–05 (9th Cir. 2005).

### B. Procedural Default Doctrine

If a claim was presented in state court, and the court expressly invoked a state procedural rule in denying relief, then the claim is procedurally defaulted in a federal habeas proceeding. *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Even if a claim was not presented in state court, a claim may be procedurally defaulted in a federal habeas proceeding if the claim would now be barred in state court under the state's procedural rules. *See, e.g., Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Similar to the rationale of the exhaustion doctrine, the procedural default doctrine is rooted in the general principle that federal courts will not disturb state court judgments based on adequate and independent state grounds. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). A habeas petitioner who has failed to meet the state's procedural requirements for presenting his or her federal claims has deprived the state courts of an opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

As alluded to above, a procedural default determination requires a finding that the relevant state procedural rule is an adequate and independent rule. *See id*. at 729-30. An adequate and independent state rule is clear, consistently applied, and well-established at the time of a petitioner's purported default. *Greenway v. Schriro*, 653 F.3d 790, 797-98 (9th Cir. 2011); s*ee also Calderon v. U.S. Dist. Court (Hayes)*, 103 F.3d 72, 74-75 (9th Cir. 1996). An independent state rule cannot be interwoven with federal law. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). The ultimate burden of proving the adequacy of a state procedural bar is on the state. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003). If the state meets its burden, a petitioner may overcome a procedural default by

proving one of two exceptions.

In the first exception, the petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law. *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014). To demonstrate "cause," a petitioner must show that some objective factor external to the petitioner impeded his or her efforts to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To demonstrate "prejudice," the petitioner must show that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494 ("Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial.").

In the second exception, a petitioner must show that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Hurles*, 752 F.3d at 780. This exception is rare and only applied in extraordinary cases. *Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). The exception occurs where a "constitutional violation has probably resulted in the conviction of one who is actually innocent of the offense that is the subject of the barred claim." *Wood*, 693 F.3d at 1117 (quoting *Schlup*, 513 U.S. at 327).

**C. Reviewing the Merits of Habeas Claims**

In reviewing the merits of a habeas claim, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to defer to the last reasoned state court decision. *Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014); *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013). To be entitled to relief, a state prisoner must show that the state court's adjudication of his or her claims either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an

> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *see also, e.g., Woods*, 764 F.3d at 1120; *Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2010); *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

As to relief under 28 U.S.C. § 2254(d)(1), "clearly established federal law" refers to the holdings of the U.S. Supreme Court's decisions applicable at the time of the relevant state court decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). A state court decision is "contrary to" such clearly established federal law if the state court (i) "applies a rule that contradicts the governing law set forth in [U.S. Supreme Court] cases" or (ii) "confronts a set of facts that are materially indistinguishable from a decision of the [U.S. Supreme Court] and nevertheless arrives at a result different from [U.S. Supreme Court] precedent." *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

As to relief under 28 U.S.C. § 2254(d)(2), factual determinations by state courts are presumed correct unless the petitioner can show by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see also Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011). A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (as amended) (internal quotation marks and citation omitted).

Ground One of the Petition (Doc. 1), which is reviewed on the merits, presents an ineffective assistance of counsel claim. The "clearly established federal law" for an ineffective assistance of counsel claim is the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner arguing an ineffective assistance of counsel claim must establish that his or her counsel's performance was (i) objectively deficient and (ii) prejudiced the petitioner. *Strickland*, 466 U.S. at 687. This is a deferential standard, and "[s]urmounting *Strickland's* high bar is never an easy task."

*Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

In assessing the performance factor of *Strickland's* two-part test, judicial review "must be highly deferential" and the court must try not "to second-guess counsel's assistance after conviction." *Clark*, 769 F.3d at 725 (internal quotation marks and citation omitted). To be constitutionally deficient, counsel's representation must fall below an objective standard of reasonableness such that it was outside the range of competence demanded of attorneys in criminal cases. *Id.* A reviewing court considers "whether there is any reasonable argument" that counsel was effective. *Rogovich v. Ryan*, 694 F.3d 1094, 1105 (9th Cir. 2012). To establish the test's performance prong in the context of a guilty plea, a defendant must establish that his or her counsel's advice regarding the guilty plea was outside "the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985).

To establish the prejudice factor of *Strickland's* two-part test, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In other words, it must be shown that the "likelihood of a different result [is] substantial, not just conceivable." *Richter*, 562 U.S. at 112. To establish prejudice in the context of a guilty plea, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Washington v. Lampert*, 422 F.3d 869, 873 (9th Cir. 2005) (quoting *Hill*, 474 U.S. at 58-59)).

Although the performance factor is listed first in *Strickland's* two-part test, a court may consider the prejudice factor first. In addition, a court need not consider both factors if the court determines that a defendant has failed to meet one factor. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.");

*LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (a court need not look at both deficiency and prejudice if the habeas petitioner cannot establish one or the other).

Finally, on federal habeas review, the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 131 S.Ct. at 785. And "it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curium). "Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 746 F.3d 418, 465-66 (9th Cir. 2014) (internal quotation marks and citation omitted).

### III. ANALYSIS

**A. Ground One is Without Merit**

In Ground One, Petitioner presents an ineffective assistance of counsel claim that alleges that his defense counsel "never produced to Petitioner any of the evidence that the State held against Petitioner." (Doc. 1 at 6). Petitioner contends that if he had all of the State's evidence, he would not have accepted the plea agreement. (*Id.*; Doc. 2 at 1-3). Petitioner asserts that the claim contained in Ground One is addressed in Paragraph Four of the Arizona Court of Appeals' decision. (Doc. 1 at 6; Bates No. 76).[3] Respondents do not contest Petitioner's assertion that he fairly presented the claim contained in Ground One to the Arizona Court of Appeals. (Doc. 1 at 6; Doc. 12 at 10). The Arizona Court of Appeals described Petitioner's claim as follows:

> Gutierrez argues his trial counsel was ineffective when (1) counsel failed to obtain and/or provide Gutierrez a copy of a police report and (2) counsel allegedly told Gutierrez his vehicle hit the victim's vehicle. Gutierrez contends he would not have pled guilty if he had known the police report showed that, contrary to counsel's alleged representations, the victim's vehicle struck Gutierrez's vehicle. Gutierrez asserts he cannot be guilty of aggravated assault if his vehicle did not strike the victim's vehicle.

---

[3] Petitioner states "Note: In the Court of Appeals denying relief, the issue above is 1 and 2 at 4. Even though 1 and 2 are in a way separate, to show the issue they must be put together." (Doc. 1 at 6).

- 8 -

(Bates No. 76).

In affirming the trial court's dismissal of the claim presented in Ground One, the Arizona Court of Appeals focused on the prejudice prong of the *Strickland* test, stating that relief is denied "because there is no reasonable probability the result of the proceeding would have been different but for counsel's alleged actions or inactions." (Bates No. 77). The Court of Appeals elaborated as follows:

> The basis for why Gutierrez claims he would not have pled guilty is wholly unfounded. While the [police] report indicates the victim's vehicle struck Gutierrez's vehicle, the report further indicates the victim's vehicle struck Gutierrez's vehicle because Gutierrez failed to yield right of way and turned left in front of the victim's vehicle. Further, Gutierrez admitted at the change of plea hearing that he recklessly caused the accident and the injuries to the victim when he turned left in front of the victim's vehicle while he drove with a blood alcohol concentration of .15 percent. Gutierrez acknowledged in his petition for post-conviction relief that "Due to intoxication, [he] does not remember much of the accident." Therefore, Gutierrez could be charged with and convicted of aggravated assault for recklessly causing physical injury to the victim while using a dangerous instrument. *See* A.R.S. § § 13-1203(A)(1) (2010) (assault); 13-1204(A)(2) (2010) (aggravated assault using a dangerous instrument). That the victim's vehicle hit Gutierrez is of no matter, Gutierrez caused the collision.

(Bates No. 77).

The undersigned has reviewed the transcript from the change of plea hearing. (Bates No. 78-95).[4] Petitioner admitted that he made a "reckless turn using a car, a dangerous instrument, that caused a broken arm to a 13-year-old child." (Bates No. 89). Petitioner stated to the judge that "if you find it in your heart to forgive me, that nobody was killed in this accident, and hopefully, I can get some [alcohol treatment] when I go to the Department of Corrections . . . ." (Bates No. 92).

The undersigned has also reviewed the police report attached to the Petition (Doc.

---

[4] The transcript is filed at Doc. 18-1.

- 9 -

1 at 45). The report reflects that Petitioner caused the vehicle collision, stating that Petitioner "failed to yield to the right away." (*Id.*). In addition, the report states that Petitioner "was processed for DUI." (*Id.*). The undersigned finds that Petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged error in failing to obtain/provide to Petitioner a copy of the police report, he would not have pleaded guilty and would have insisted on going to trial.

The undersigned finds that the Arizona Court of Appeals' denial of Petitioner's ineffectiveness of counsel claim was a reasonable application of *Strickland*. The record shows that the state courts' decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law," or was based on an "unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). It is recommended that the Court deny Ground One of the Petition.

### B. Grounds Two, Three, and Four Are Procedurally Defaulted
#### 1. Grounds Two and Three: Allegations that the Trial Court and Prosecutor Lied About the Evidence in Order to Coerce Petitioner to Plead Guilty

In Ground Two, Petitioner asserts that the "trial court impermissibly coerced a guilty plea by lying about the evidence involved in this case, to get Petitioner to plead guilty." (Doc. 1 at 7). In Ground Three, Petitioner asserts that "the state lied about the evidence in this case to coerce a guilty plea from Petitioner, prosecutorial misconduct." (*Id.* at 8). As Respondents correctly explain (Doc. 12 at 10-11), Petitioner failed to present Grounds Two and Three to the trial court and Arizona Court of Appeals. Grounds Two and Three are therefore unexhausted. Arizona Rules of Criminal Procedure 32.2(b) and 32.4(a), do not bar untimely claims that fall within the following categories:

> d. The person is being held in custody after the sentence imposed has expired;
>
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1). The newly discovered material facts were

        discovered after the trial.
   (2). The defendant exercised due diligence in securing the newly discovered material facts.
   (3). The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.

 f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

 g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

 h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz. R. Crim. P. 32.1(d) through (h). Petitioner does not assert that any of the above exceptions apply to Grounds Two and Three. Nor does it appear that any of the exceptions would apply. Therefore, the undersigned finds that Grounds Two and Three are procedurally defaulted. *See Beaty*, 303 F.3d at 987 (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)).

### 2. Ground Four: Alleged Ineffective Assistance of PCR Counsel

  In this case, because Petitioner pled guilty, he waived his right under Arizona law to a direct appeal. S*ee* ARIZ. REV. STAT. § 13–4033(B). A plea-convicted defendant, however, is entitled to an of-right post-conviction relief ("PCR") proceeding. *See* Ariz. R. Crim. P. 32.1 and 32.4. In Ground Four, Petitioner argues that his appointed PCR counsel was constitutionally ineffective for failing to raise in his PCR proceeding the

claims contained in Grounds Two and Three. (Doc. 1 at 9). Based on the general rule that defendants have no constitutional right to effective assistance of PCR counsel, Respondents contend that Ground Four is not a cognizable habeas claim. (Doc. 12 at 11) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

In *Halbert v. Michigan*, 545 U.S. 605, 610 (2005), the Supreme Court stated that "the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review." *Halbert v. Michigan*, 545 U.S. 605, 610 (2005). In *Summers v. Schriro*, the Ninth Circuit Court of Appeals discussed Arizona case law holding that plea-convicted defendants who seek of-right post-conviction review are "constitutionally entitled to the effective assistance of counsel." 481 F.3d 710, 716 (9th Cir. 2007) (quoting *State v. Pruett*, 912 P.2d 1357, 1359-60 (Ariz. Ct. App. 1995). Based on Arizona case law, the Ninth Circuit concluded that an of-right PCR proceeding is a form of direct review for purposes of determining when the one-year limitations period commences for filing a federal habeas petition. *Id.* (citing 28 U.S.C. § 2244(d)(1)(A)). The Ninth Circuit explained that "[t]reating the Rule 32 of-right proceeding as a form of direct review helps make the Arizona Constitution's guarantee of 'the right to appeal in all cases' a functioning reality rather than a mere form of words." *Id.* at 716-17. In a number of cases in the District of Arizona, it has been concluded that a plea-convicted Arizona defendant has a constitutional right to counsel in an of-right PCR proceeding. *See, e.g.*, *Ree v. Ryan*, CV-13-00746-TUC-RM(LAB), 2015 WL 3889360, at *1 (D. Ariz. June 23, 2015); *Ramon v. Ryan*, 2010 WL 3564819, at *11 (D. Ariz. July 23, 2010) (Arizona pleading defendant had a right to counsel in his Rule 32 of-right post conviction proceeding); *Walker v. Ryan*, 2015 WL 10575864, at *5 n.4 (D. Ariz. Oct. 21, 2015) *report and recommendation adopted*, CV-15-00072-PHX-ROS(BSB), 2016 WL 1268487 (D. Ariz. Mar. 31, 2016); and *White v. Ryan*, CV-15-2482-PHX-JJT, 2016 WL 4650002, at *14 (D. Ariz. May 2, 2016), *report and recommendation adopted*, CV-15-02482-PHX-JJT, 2016 WL 4592083 (D. Ariz. Sept. 2, 2016).

Based on the above case law, the undersigned finds that the claim presented in Ground Four is cognizable in this proceeding. However, Petitioner has not presented the claim to the state court in a subsequent PCR proceeding. *See Osterkamp v. Browning*, 250 P.3d 551, 555 (Ariz. Ct. App. 2011) ("[T]he pleading defendant must be given the opportunity to assert a claim of ineffective assistance of initial Rule 32 counsel; the obvious method is by means of a second petition for post-conviction relief.") (internal quotation marks and citation omitted). Ground Four is therefore unexhausted. Moreover, Petitioner would be precluded by adequate and independent state procedural rules from raising Ground Four in a successive PCR proceeding. *See* Ariz. R. Crim. P. 32.4(a); *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997). The undersigned finds that Ground Four is procedurally defaulted.

### 3. Petitioner's Procedural Defaults Are Not Excused

The merits of a habeas petitioner's procedurally defaulted claims are to be reviewed if Petitioner (i) shows cause for the default and actual prejudice as a result of the alleged violation of federal law or (ii) shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *McKinney v. Ryan*, 730 F.3d 903, 913 (9th Cir. 2013).

#### i. Cause and Prejudice Exception
##### a. Petitioner's Status as a Pro Se Litigant Does Not Establish Cause

To the extent Petitioner may argue that his status as a pro se litigant establishes "cause" for his procedural defaults, such argument would be without merit. *See Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986) (cause not established in case of illiterate petitioner who relied on the assistance of another inmate who was released, stating that "[t]o hold that illiteracy is a legitimate cause for failing to appeal to the state supreme court would allow petitioners to wait until the jurisdictional period lapsed and then proceed directly to federal court. Such a result would be contrary to the principles of comity underlying the cause and prejudice rule."); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (illiterate petitioner with a mental condition who

relied upon incompetent "jailhouse lawyers" failed to show cause).

### b. *Martinez* Does Not Excuse the Procedural Defaults

In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court held that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S.Ct. at 1315. Under *Martinez*, "cause" to excuse a petitioner's procedural default may be found where:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013) (quoting *Martinez*, 132 S.Ct. at 1318–19, 1320–21) (alterations in original).

As previously discussed, in Arizona, an "of-right" PCR proceeding is not a "collateral" proceeding, but is the functional equivalent of a direct appeal. *See Summers*, 481 F.3d at 716-17; *State v. Petty*, 238 P.3d 637, 640 (Ariz. Ct. App. 2010) (a pleading defendant is "constitutionally entitled to the effective assistance of counsel on his first [of-right] petition for post-conviction relief, the counterpart of a direct appeal") (citation omitted). Because *Martinez* does not apply to direct appeals, *Martinez* does not apply to the procedural default analysis in this case. *See White*, 2016 WL 4650002, at *14 (concluding that "*Martinez* has no application to evaluating the performance of Petitioner's counsel in [of-right PCR] proceeding").

Moreover, because Petitioner has not exhausted the claim in Ground Four that his appointed of-right PCR counsel was ineffective, Petitioner cannot use such alleged ineffectiveness to establish cause for his procedural defaults of Grounds Two and Three. *See Tacho*, 862 F.2d at 1381 ("To the extent that petitioner is alleging ineffective

assistance of *appellate* counsel as cause for the default, the exhaustion doctrine requires him to first raise this ineffectiveness claim as a separate claim in state court. . . . Petitioner did not do so, and we may not now entertain the claim as 'cause' for default.") (emphasis in original) (citations omitted); *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003) ("To constitute cause for procedural default of a federal habeas claim, the constitutional claim of ineffective assistance of counsel must first have been presented to the state courts as an independent claim.").

For the above reasons, the undersigned finds that Petitioner has not satisfied the "cause and prejudice" exception to excuse the procedural defaults of Grounds Two, Three, and Four. *See Smith v. Murray*, 477 U.S. 527, 533 (1986) (where a petitioner fails to establish cause, the Court need not consider whether the petitioner has shown actual prejudice resulting from the alleged constitutional violations).

### ii. Fundamental Miscarriage of Justice Exception

The fundamental miscarriage of justice exception, also referred to as the *Schlup* gateway, applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne,* 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thomas*, 523 U.S. 538, 559 (1998)). Petitioner does not allege that he is actually innocent and after reviewing the record, the undersigned finds no evidence showing that a constitutional violation has probably resulted in the conviction of an innocent man. The undersigned thus finds the miscarriage of justice exception inapplicable to this case.

For the above reasons, the undersigned does not recommend that the Court excuse

Petitioner's procedurally defaulted claims. It is recommended that the Court dismiss Grounds Two, Three, and Four with prejudice.

### IV. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of Grounds Two, Three, and Four are justified by a plain procedural bar and Petitioner has not made a substantial showing of the denial of a constitutional right as to Ground One.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 10th day of April, 2017.

_____
Eileen S. Willett
United States Magistrate Judge

# ATTACHMENT 1

 **ADVERTENCIA:** Estafa por medio de llamadas telefónicas y correo electrónico.  **Leer Mas...**

Criminal Court Case Information - Case History

## Case Information

Case Type:   Criminal              Location:    Downtown

## Party Information

| Party Name - Number | Relationship | Sex | Attorney | Judge | Case # |
|---|---|---|---|---|---|
| State Of Arizona - (1) | Plaintiff | N/A | County Attorney, Mjc1 Vehicular Crimes | | |
| Augustine Villanueva Gutierrez - (2) | Defendant | M | Per, Pro | Master Calendar | CR2010-006306-001 |

## Disposition Information

| Party Name | ARSCode | Description | Crime Date | Disposition Code | Disposition | Date |
|---|---|---|---|---|---|---|
| Augustine Villanueva Gutierrez | 13-1204 (F2) | AGGRAVATED ASSAULT | 2/27/2010 | Pled Guilty As Charged | Pled Guilty As Charged | 1/17/2012 |
| Augustine Villanueva Gutierrez | 13-1201 (F6) | ENDANGERMENT | 2/27/2010 | Dismd Pros Mot | Dismissed By Prosecution Motion | 1/17/2012 |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 10/28/2015 | ALT - Appeals Letter Of Transmittal - Party (001) | 10/29/2015 | |
| 10/28/2015 | MAN - Order Of Mandate - Party (001) | 10/29/2015 | |

NOTE: REVIEW GRANTED; RELIEF DENIED

| 2/27/2014 | REC - Receipt - Party (001) | 3/3/2014 | |
|---|---|---|---|

NOTE: ATTORNEY GENERAL

| 2/14/2014 | CAR - Court Of Appeals Receipt - Party (001) | 2/18/2014 | |
|---|---|---|---|

NOTE: C2C TRANSMISSION

| 2/14/2014 | AIX - Appeals Index - Party (001) | 2/18/2014 | |
|---|---|---|---|
| 12/30/2013 | CAO - Court Of Appeals Order - Party (001) | 12/31/2013 | |
| 12/19/2013 | 197 – ME: PCR: Extension of Time - Party (001) | 12/19/2013 | |
| 12/13/2013 | PPM – Pro Per Motion/Notice/Mail - Party (001) | 12/16/2013 | Defendant (2) |

NOTE: MOTION FOR EXTENSION OF TIME IN FILING PETITION FOR REVIEW

| 11/12/2013 | PPM – Pro Per Motion/Notice/Mail - Party (001) | 11/13/2013 | Defendant (2) |
|---|---|---|---|

NOTE: MOTION FOR EXTENSION OF TIME IN FILING PETITION FOR REVIEW

| 10/17/2013 | 167 - ME: Pcr Dismissed - Party (001) | 10/17/2013 | |
|---|---|---|---|
| 10/16/2013 | 597 - ME: PCR: Assigned for Ruling - Party (001) | 10/16/2013 | |
| 9/25/2013 | 023 - ME: Order Entered By Court - Party (001) | 9/25/2013 | |
| 9/16/2013 | PPM – Pro Per Motion/Notice/Mail - Party (001) | 9/17/2013 | Defendant (2) |

NOTE: REPLY TO RESPONSE TO PETITION FOR POST-CONVICTION RELIEF

| 9/3/2013 | RPP - Response to Petition for Post Conviction Relief - Party (001) | 9/3/2013 | |
|---|---|---|---|

NOTE: RESPONSE TO PETITION FOR POST-CONVICTION RELIEF

| 7/24/2013 | 197 – ME: PCR: Extension of Time - Party (001) | 7/24/2013 | |
|---|---|---|---|
| 7/18/2013 | PCR - Post Conviction Relief - Party (001) | 7/19/2013 | Defendant (2) |

NOTE: PRO PER PETITION FOR POST CONVICTION RELIEF

| 6/6/2013 | NOT - Notice - Party (001) | 6/6/2013 | |
|---|---|---|---|

NOTE: Notice of Compliance Re: Post-Conviction Review

| 6/5/2013 | 197 – ME: PCR: Extension of Time - Party (001) | 6/5/2013 | |
|---|---|---|---|
| 5/30/2013 | NPC - Notice Of Post Conviction Relief - Party (001) | 5/30/2013 | |

NOTE: NOTICE OF COMPLETION OF POST-CONVICTION REVIEW BY COUNSEL; REQUEST FOR 45 DAY EXTENSION OF TIME TO ALLOW DEFENDANT TO FILE PRO PER PETITION FOR POST-CONVICTION RELIEF

| 4/3/2013 | 197 – ME: PCR: Extension of Time - Party (001) | 4/3/2013 | |
|---|---|---|---|
| 3/12/2013 | TSP - Transcript of Proceedings - Party (001) | 3/13/2013 | |

NOTE: 01/17/2012, BY ROCHELLE L. DOBBINS

| 2/25/2013 | PRT – Post Conviction Relief Transcript - Party (001) | 2/25/2013 | |
|---|---|---|---|

NOTE: 913020449_20121220; 12/20/11 by Janice Penfield

| 1/10/2013 | 197 – ME: PCR: Extension of Time - Party (001) | 1/10/2013 | |
|---|---|---|---|
| 1/8/2013 | MOT - Motion - Party (001) | 1/8/2013 | |

NOTE: RENEWED / TO ORDER TRIAL ATTORNEYS FILE AND MOTION FOR TRANSCRIPT PREPARATION
| | | | |
|---|---|---|---|
| 12/7/2012 | PRT – Post Conviction Relief Transcript - Party (001) | 12/10/2012 | |

NOTE: CR2010-006306-001_AZ v Augustine Villanueva Gutierrez_2011-12-02; 12/02/11 by Janice Penfield

| | | | |
|---|---|---|---|
| 11/28/2012 | 197 – ME: PCR: Extension of Time - Party (001) | 11/28/2012 | |
| 11/16/2012 | MOT - Motion - Party (001) | 11/16/2012 | |

NOTE: Motion to Order Trial Attorney's File and Motion for Transcript Preparation

| | | | |
|---|---|---|---|
| 11/2/2012 | 023 - ME: Order Entered By Court - Party (001) | 11/2/2012 | |
| 8/24/2012 | 023 - ME: Order Entered By Court - Party (001) | 8/24/2012 | |
| 8/22/2012 | 597 - ME: PCR: Assigned for Ruling - Party (001) | 8/22/2012 | |
| 7/19/2012 | PPM – Pro Per Motion/Notice/Mail - Party (001) | 7/23/2012 | Defendant (2) |
| 1/26/2012 | ACA - Arizona Department Of Transportation Court Abstract - Party (001) | 1/30/2012 | |
| 1/23/2012 | 105 - ME: Plea Agreement/Change Of Plea - Party (001) | 1/23/2012 | |
| 1/23/2012 | 571 - ME: Sentence-Imprisonment (no Monetary Orders Entered) - Party (001) | 1/23/2012 | |
| 1/17/2012 | OCP-Order of Confinement/Sentence of Imprisonment to ADOC - Party (001) | 1/30/2012 | |
| 1/17/2012 | PAG - Plea Agreement - Party (001) | 1/23/2012 | |
| 1/17/2012 | NRR - Notice Of Rights Of Review - Party (001) | 1/23/2012 | |
| 1/13/2012 | REP - Report - Party (001) | 1/17/2012 | |

NOTE: JOINT CASE MANAGEMENT

| | | | |
|---|---|---|---|
| 1/11/2012 | 099 - ME: Withdrawal Of Counsel - Party (001) | 1/11/2012 | |
| 1/5/2012 | MFW - Motion For Withdraw of counsel - Party (001) | 1/5/2012 | |

NOTE: MOTION TO WITHDRAW AND REASSIGN CASE WITHIN OFFICE OF THE PUBLIC DEFENDER

| | | | |
|---|---|---|---|
| 12/21/2011 | 029 - ME: Status Conference - Party (001) | 12/21/2011 | |
| 12/5/2011 | 085 - ME: Conference - Party (001) | 12/5/2011 | |
| 11/21/2011 | 023 - ME: Order Entered By Court - Party (001) | 11/21/2011 | |
| 11/16/2011 | 591 - ME: Complex Case/Trial Setting - Party (001) | 11/16/2011 | |
| 11/9/2011 | REP - Report - Party (001) | 11/10/2011 | |

NOTE: JOINT CASE MANAGEMENT PLAN

| | | | |
|---|---|---|---|
| 11/4/2011 | 590 - ME: Complex Case Order - Party (001) | 11/4/2011 | |
| 11/1/2011 | EMF - Email Filed - Party (001) | 11/16/2011 | |
| 10/27/2011 | LOW - List Of Witnesses/Exhibit/Evidence - Party (001) | 10/27/2011 | |

NOTE: SUPPLEMENTAL

| | | | |
|---|---|---|---|
| 10/25/2011 | 023 - ME: Order Entered By Court - Party (001) | 10/25/2011 | |
| 10/19/2011 | MCO - Motion To Continue - Party (001) | 10/19/2011 | |

NOTE: MOTION TO CONTINUE COMPREHENSIVE PRE- TRIAL CONFERENCE

| | | | |
|---|---|---|---|
| 10/17/2011 | MOT - Motion - Party (001) | 10/17/2011 | |

NOTE: MOTION TO DESIGNATE COMPLEX

| | | | |
|---|---|---|---|
| 9/28/2011 | 194 : Me: Initial Pretrial Conference - Party (001) | 9/28/2011 | |
| 9/23/2011 | REQ - Request - Party (001) | 9/23/2011 | |

NOTE: FOR SPECIFIC ITEMS OF EVIDENCE

| | | | |
|---|---|---|---|
| 9/8/2011 | 023 - ME: Order Entered By Court - Party (001) | 9/8/2011 | |
| 9/7/2011 | MIL - Motion In Limine - Party (001) | 9/8/2011 | |

NOTE: STATES/ RE NON USE OF SEAT BELT

| | | | |
|---|---|---|---|
| 9/6/2011 | ORD - Order - Party (001) | 9/13/2011 | |

NOTE: THAT AUGUSTINE GUTIERREZ SUBMIT TO THE ATKING OF FINGERPRINTS.

| | | | |
|---|---|---|---|
| 9/2/2011 | SUA - Subpoena And Affidavit Of Service - Party (001) | 9/6/2011 | |

NOTE: DUCES TECUM/SERVED 08/19/11

| | | | |
|---|---|---|---|
| 8/31/2011 | 016 - ME: Ext/Time/Filing Granted - Party (001) | 8/31/2011 | |
| 8/31/2011 | NDP - Notice of Discovery - Party (001) | 9/1/2011 | |

NOTE:

| | | | |
|---|---|---|---|
| 8/31/2011 | RQH - Request For Hearing - Party (001) | 9/1/2011 | |

NOTE: RULE 609

| | | | |
|---|---|---|---|
| 8/31/2011 | MOT - Motion - Party (001) | 9/1/2011 | |

NOTE: FOR TAKING PHYSICAL EVIDENCE

| | | | |
|---|---|---|---|
| 8/31/2011 | ACO - Allegation of Historical Priors - Party (001) | 9/1/2011 | |

NOTE:

| | | | |
|---|---|---|---|
| 8/31/2011 | ANP - Allegation of Aggravating Circumstances Other Than Prior Convictions - Party (001) | 9/1/2011 | |

NOTE:

| | | | |
|---|---|---|---|
| 8/24/2011 | 016 - ME: Ext/Time/Filing Granted - Party (001) | 8/24/2011 | |
| 8/24/2011 | RTR - Return Receipt For Official Court Files/Transcripts/Exhibits - Party (001) | 8/25/2011 | |
| 8/24/2011 | RGJ – Request for Extension of Time to Challenge Grand Jury Proceedings - Party (001) | 8/25/2011 | |

NOTE: Defendants 2nd Request for Extension of Time to Challenge the Grand Jury Proce

| | | | |
|---|---|---|---|
| 8/23/2011 | REQ - Request - Party (001) | 8/24/2011 | |

NOTE: for temporary removal of official court files, transcripts or exhibits

| | | | |
|---|---|---|---|
| 8/23/2011 | OFT - Order for Temporary Removal of Court File/Transcripts/Exhibits - Party (001) | 8/24/2011 | |
| 8/23/2011 | RRF - Release Receipt For Official Court Files/Transcripts/Exhibits - Party (001) | 8/24/2011 | |
| 8/22/2011 | RGJ – Request for Extension of Time to Challenge Grand Jury Proceedings - Party (001) | 8/22/2011 | |

NOTE:

| | | | |
|---|---|---|---|
| 8/22/2011 | NDR - Notice of Defenses and Request for Notice of Rebuttal Witnesses - Party (001) | 8/22/2011 | |

NOTE:
8/22/2011	RAD - Request For Automatic Additional Disclosure - Party (001)	8/22/2011
NOTE: REQUEST FOR AUTOMATIC
8/18/2011	NAR - Notice Of Appearance - Party (001)	8/18/2011
NOTE:
8/18/2011	RGJ – Request for Extension of Time to Challenge Grand Jury Proceedings - Party (001)	8/18/2011
NOTE:
8/18/2011	NDR - Notice of Defenses and Request for Notice of Rebuttal Witnesses - Party (001)	8/18/2011
NOTE: DEFENDANT'S NOTICE OF
8/18/2011	REQ - Request - Party (001)	8/19/2011
NOTE: FOR SPECIFIC ITEMS OF EVIDENCE
8/17/2011	MOT - Motion - Party (001)	8/17/2011	Defendant (2)
NOTE: FOR PRETRIAL SERVICE OR THIRD-PARTY CUSTODY OF RELEASE OR AN O.R.
8/16/2011	152 - ME: Not Guilty Plea Arraign - Party (001)	8/16/2011
8/12/2011	IAD - Initial Appearance Document - Party (001)	8/15/2011
8/8/2011	WAR - Warrant For Arrest - Party (001)	8/9/2011
NOTE: SERVED 8/5/11
7/15/2010	604 - ME: GJ True Bill/Warrant Issue - Party (001)	8/9/2011
7/15/2010	IND - Indictment - Party (001)	8/9/2011

## Case Calendar

| Date | Time | Event |
| --- | --- | --- |
| 8/11/2011 | 8:30 | Original Arraignment Hearing |
| 9/23/2011 | 8:15 | Initial Pretrial Conference |
| 10/21/2011 | 8:16 | Comprehensive PreTrial Conference |
| 10/31/2011 | 8:16 | Comprehensive PreTrial Conference |
| 11/10/2011 | 8:30 | Complex / Capital Case |
| 12/2/2011 | 8:30 | Pre-Trial Conference |
| 12/2/2011 | 10:00 | Settlement Conference |
| 12/8/2011 | 8:00 | Trial |
| 12/20/2011 | 8:30 | Status Conference |
| 1/17/2012 | 8:30 | Complex / Capital Case |
| 1/17/2012 | 8:31 | Sentencing |
| 3/27/2012 | 8:30 | Pre-Trial Conference |
| 4/3/2012 | 8:00 | Trial |