# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Augustine Villanueva Gutierrez, | No. CV-16-00032-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

In January 2012, Petitioner Augustine Villanueva Gutierrez pled guilty to aggravated assault and received a sixteen-year prison term. Gutierrez now claims he received ineffective assistance of counsel during the plea proceedings, the trial court and prosecutor lied about the evidence against him to coerce him to plead guilty, and he received ineffective assistance of counsel during post-conviction relief proceedings. Magistrate Judge Eileen S. Willett issued a Report and Recommendation ("R&R") concluding Gutierrez was not entitled to relief under any of these theories. Gutierrez filed objections but, while they raise potentially valid points about discrete portions of the R&R, he is not entitled to relief.

## BACKGROUND

In February 2010, Gutierrez turned in front of another vehicle, causing the other vehicle to hit Gutierrez's vehicle. A passenger in the other vehicle suffered a broken arm as a result. At the time of the collision Gutierrez's blood alcohol level was well above the legal limit. Gutierrez was charged in state court with aggravated assault based on the

injury to the passenger in the other vehicle.

In January 2012, Gutierrez agreed to plead guilty to the aggravated assault charge in exchange for a sixteen-year sentence. Under the applicable statutes, Gutierrez's actions qualified as aggravated assault because he recklessly caused physical injury to another person using a "deadly weapon or dangerous instrument," *i.e.* his vehicle. A.R.S. §§ 13-1203; 13-1204(A)(2). At the sentencing, Gutierrez was asked "Did you make a reckless turn using a car, a dangerous instrument, that caused a broken arm to a [passenger in the other vehicle]?" Gutierrez responded "Yes, your honor." (Doc. 18-1 at 13). Gutierrez was then sentenced to sixteen years.

Shortly after his sentencing, Gutierrez filed a petition for post-conviction relief ("PCR petition"). According to his PCR petition, Gutierrez did not remember the collision and did not know how it happened. But after he was sentenced, Gutierrez learned the other vehicle had hit his vehicle. Gutierrez argued this information was vitally important such that he should have been informed of it prior to pleading guilty. More particularly, Gutierrez claimed his attorney had provided ineffective assistance of counsel by failing to provide him with documents indicating the true circumstances of the collision. The trial court denied the PCR petition, finding Gutierrez had not established his counsel's performance had been deficient nor had Gutierrez established he suffered any prejudice as a result of his counsel's performance. Gutierrez then filed a petition for review with the Arizona Court of Appeals.

The petition for review again focused on the alleged failure by Gutierrez's counsel to turn over documents regarding the circumstances of the collision. Gutierrez explained his counsel had been ineffective because, at the time of his guilty plea, Gutierrez was confused about "who hit who" and if he had known the other vehicle had hit his, he would not have plead guilty. (Doc. 14 at 32). Gutierrez further claimed the actual circumstances of the collision meant he could not have been guilty of aggravated assault. According to Gutierrez, the only possible crimes he committed were "failure to yield to the right of away . . . and driving under the influence." (Doc. 14 at 33). The Arizona

Court of Appeals granted review but denied relief.

The Arizona Court of Appeals' decision described Gutierrez as asserting three theories of ineffective assistance of counsel. The first two theories were that counsel had not obtained the police report and that counsel lied to Gutierrez about the circumstances of the collision. The court of appeals found Gutierrez had not established he was prejudiced by these alleged errors because the precise circumstances of the collision were not material to Gutierrez's guilt. That is, the fact that Gutierrez turned in front of the other vehicle and caused the collision was a sufficient basis for an aggravated assault conviction. The third theory of ineffective assistance of counsel was counsel's advice not to accept a plea deal for 7.5 years of prison time. The court of appeals concluded this theory had no basis in fact because no such plea offer was ever made. Gutierrez did not seek review by the Arizona Supreme Court.

Approximately four months after the court of appeals' decision, Gutierrez filed his federal petition. The Court construed his petition as presenting four claims: 1) ineffective assistance of counsel during the plea negotiations; 2) the trial court coerced Gutierrez into pleading guilty by lying about the evidence against him; 3) the prosecutor coerced Gutierrez into pleading guilty by lying about the evidence against him; and 4) Gutierrez's post-conviction relief attorney was ineffective by failing to assert the second and third grounds during the post-conviction review process. (Doc. 7). In responding to the petition, Respondents conceded the first claim of ineffective assistance of counsel should be reviewed on the merits but stated Gutierrez is not entitled to relief. Respondents argued the other three claims were not properly before the Court. The R&R agrees with Respondents. Gutierrez filed objections which are difficult to follow and do not establish any material error in the R&R's conclusions.

## ANALYSIS

The parties agree Gutierrez's first claim must be reviewed on the merits. That claim is that Gutierrez received ineffective assistance of counsel during the plea bargaining process. The undisputed facts are that Gutierrez turned in front of the other

vehicle and that vehicle then hit Gutierrez's. According to Gutierrez, his counsel provided ineffective assistance by not arguing these facts were insufficient to establish aggravated assault. Gutierrez also claims his counsel was ineffective by failing to provide Gutierrez with the documents explaining the circumstances of the collision and then allowing Gutierrez to plead guilty. The problem for Gutierrez is that his arguments are based on a misunderstanding of Arizona's applicable aggravated assault statute.

In claiming the circumstances of the collision were relevant to his situation, Gutierrez cites to a number of Arizona cases interpreting a previous statute criminalizing assault with a deadly weapon. Under that previous statute, "a conviction of assault with a deadly weapon in which the alleged weapon is an automobile" required "evidence that the vehicle was 'aimed' at the victim with the actual intent to use the automobile as a deadly weapon." *State v. Reim*, 549 P.2d 1046, 1048 (1976) (citing A.R.S. § 13-249(A)). Gutierrez claims he did not "aim" his vehicle at the victim, meaning he could not have been guilty of assault. But the statute Gutierrez relies on was repealed as of October 1978. The current aggravated assault statute does not require evidence of aiming one's vehicle. Instead, as pointed out by the Arizona Court of Appeals in Gutierrez's post-conviction relief proceedings, turning in front of another vehicle and causing a collision can be sufficient to support an aggravated assault conviction. Thus, all of counsel's alleged failures in connection with Gutierrez's flawed legal theory were not, in fact, failures. It was neither deficient performance nor prejudicial for Gutierrez's counsel to not pursue a meritless legal theory based on a repealed statute.

Gutierrez's second and third claims are based on the state court and prosecutor inducing Gutierrez to plead guilty by lying to him about the circumstances of the collision. Gutierrez explains the court and prosecutor both described the relevant events as Gutierrez hitting the victim's vehicle, instead of the victim's vehicle hitting Gutierrez's. Claiming the court and prosecutor mislead him appears to be an attempt by Gutierrez to establish his guilty plea was not voluntary. *See Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006) (discussing requirements for knowing and voluntary guilty

pleas). Gutierrez did not present these claims to the state courts. Therefore, these claims are unexhausted and the Court need not address them.

Even if the Court were to consider these claims on the merits, Gutierrez is not entitled to relief. *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (pursuant to 28 U.S.C. § 2254(b)(2), "a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim"). Gutierrez's guilty plea claims are similar to his ineffective assistance of trial counsel claim in that they are based on Gutierrez's belief that the precise circumstances of the collision were relevant to his decision to plead guilty. As set out above, that belief is based on a misunderstanding of the governing aggravated assault statute. Moreover, while the state court or prosecutor may have described the collision in slightly inaccurate terms at times, during the hearing where Gutierrez entered his guilty plea the trial court accurately described the collision. In light of that, Gutierrez does not explain how any earlier descriptions coerced him into pleading guilty. In short, the record provides no support for Gutierrez's coercion claims.

Gutierrez's fourth and final claim is ineffective assistance of post-conviction relief counsel based on that counsel's failure to argue grounds two and three during the post-conviction relief process. The R&R concluded this claim was not exhausted. It is possible, however, that this type of claim need not be exhausted in state court. *See, e.g.*, *Dickens v. Ryan*, 740 F.3d 1302, 1322 n.17 (9th Cir. 2014) (noting in potentially analogous circumstances there is "no requirement that the claim of ineffective assistance of PCR counsel as cause for an ineffective-assistance-of-[trial]-counsel claim be presented to the state courts"). But even assuming the claim need not be exhausted, it fails on the merits because Gutierrez's post-conviction relief counsel had no obligation to raise obviously non-meritorious issues. Gutierrez's coercion claims have no support in the record and counsel could not have been ineffective by failing to pursue them. Therefore, Gutierrez is not entitled to relief.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 19) is **ADOPTED IN FULL** with additional analysis as set forth above.

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of portions of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and other portions of the petition do not make a substantial showing of the denial of a constitutional right.

Dated this 6th day of July, 2017.

Honorable Roslyn O. Silver
Senior United States District Judge